**SO ORDERED: August 28, 2006.**



_____

**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN C. JERMAN and | ) | Case No. 04-2793-JKC-7 |
| AMY JERMAN, | ) | |
| | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DENNIS R. JONES and | ) | |
| BUSCHMANN CARR & SHANKS, P.C., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 04-327 |
| | ) | |
| BRIAN C. JERMAN and | ) | |
| AMY JERMAN, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND
DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEFAULT JUDGMENT**

      This matter came before the Court on Debtors/Defendants' Motion for Relief from Default

Judgment (the "Motion for Relief") and on Plaintiffs' Motion to Strike or Deny Defendant's Motion

for Relief from Default Judgment (the "Motion to Strike"). The Court conducted a hearing on August 15, 2006, and now issues the following order.[1]

On February 24, 2004, Debtors Brian C. Jerman and Amy Jerman ("Debtors') filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On March 16, 2004, Plaintiff Dennis Jones filed a Proof of Claim in the case in the amount of $265,274.46. The Proof of Claim states that the basis of the claim was the misappropriation of funds. Attached to the Proof of Claim was a Judgment entered by the Marion Superior Court on October 27, 2003, against Defendants and in favor of the Plaintiffs in the amount of $265, 274.46 on October 27, 2003. The State Court Judgment was entered following a "one-sided" bench trial. On March 16, 2004, Plaintiff Buschman, Carr & Shanks, P.C. filed a Proof of Claim in the case in the amount of $13,412.65. The Proof of Claim states that the basis of the claim was for the misappropriation of funds, and a copy of the State Court Judgment was attached thereto. On April 7, 2004, Debtors–by counsel Samuel Hodson–objected to both of the above-described Proofs of Claim on the grounds that they were based on a default judgment[2] issued after a hearing of which Debtors allegedly had no notice.

Plaintiffs filed this Adversary Proceeding against Debtors on May 24, 2004, to determine the dischargeability of Debtors' obligation under the State Court Judgment (the "AP"). A Summons and the Complaint were served on Debtors and their counsel. Mr. Hodson, however, did not file an appearance in the AP, nor did he file an Answer on Debtors' behalf. On August 4, 2004, Plaintiffs filed an Application for Bankruptcy Clerk for Entry of Default and for Default Judgment (the

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding 28 U.S.C. § 157(b)(2)(I).

[2] Contrary to Debtors' argument, a one-sided trial is considered to be a trial on the merits and not a default under Indiana law. *See Ed Martin Ford Co. v. Martin*, 363 N.E.2d 1292, 1294 n.1 (Ind.Ct.App.1977).

"Motion for Default").  On August 13, 2004, the Court entered an Entry of Default and Judgment by Default Determining Nondischargeability of Debt, which stated that Debtors' indebtedness to the Plaintiffs was excepted from discharge (the "Default").  The Default was entered on the Court's docket on August 16, 2004, and mailed to Debtors.  On September 15, 2004, F. Anthony Paganelli entered an appearance on Debtors' behalf in the AP.  On August 12, 2005, Debtors filed a Motion for Relief from Default Judgment (the "Motion for Relief").

In their Motion to Strike, the Plaintiffs insist that the Motion for Relief should be stricken because it fails to comply with Federal Rule of Civil Procedure 7(b)(1) (applicable here pursuant to Federal Rule of Bankruptcy Procedure 7007).  Pursuant to Rule 7(b)(1), "motions shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  The purpose of Rule 7's particularity requirement is to afford notice of the grounds and prayer of the motion to both the court and the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.  Wright and Miller state that the issue is whether any party is prejudiced by a lack of particularity or "whether the court can comprehend the basis for the motion and deal with it fairly."  5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1192, 56 (2004).  "The particularity requirement is flexible, however, and non-particularized motions have been allowed where the opposing party knew or had notice of the particular grounds being relied upon.  2A MOORE'S FEDERAL PRACTICE ¶ 7.05, 7-16 (1990).

Here, the Motion for Relief asserted in relevant part:

Pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7055, defendants move for an order vacating the default judgment entered against them on August 13, 2004. In support of their motion, defendants state that they have a meritorious defense to

3

> assert in response to plaintiff's [sic] complaint, and that the default judgment entered
> against them was entered as a result of excusable neglect.

The Motion for Relief did not otherwise describe the "meritorious defense" or the "excusable neglect."

Arguably, the Plaintiffs had some idea of Debtors' "meritorious defense" per their previously filed objections to Plaintiffs' Proofs of Claims, wherein Debtors argued that the State Court Judgment was entered without adequate notice. For this reason, the Court finds that the Motion for Relief–while not artfully drafted–satisfies Rule 7(b)(1). Accordingly, Plaintiffs' request that the Motion be stricken is denied.

Debtors seek relief from the Court's default judgment under Federal Rule of Civil Procedure 60(b)(1)[3] (applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 9024), which authorizes courts to free a party from the constraints of a final judgment against it for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). To prevail, Debtors must show: (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original action. *See U.S. v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply,* 55 F.3d 1311, 1313 (7th Cir.1995); *see also Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994); *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir.1989).

This standard was originally formulated to evaluate a district court's decision concerning a motion to vacate an *entry* of default under Rule 55(c) of the Federal Rules of Civil Procedure, *Breuer Elec. Mfg. v. Toronado Sys. of Am.,* 687 F.2d 182, 185 (7th Cir.1982), but was eventually applied to structure decisions involving motions to set aside default judgments under Rule 60(b).

---

[3] In their Motion for Relief, Debtors also cite to Rule 55(c) as grounds for relief. As explained above, Rule 60(b)(1) is applicable instead because the Court entered a *judgment* of default.

4

*Id.* at 187; *see also Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir.1990). While the tests are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances-where a default *judgment* has been entered-to be much more limited and stringent. *Breuer,* 687 F.2d at 187. This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment. *North Cent. Ill. Laborer's Dist. Council v. S.J. Groves & Sons Co.,* 842 F.2d 164, 167 (7th Cir.1988); *Ben Sager Chem. Int'l v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977).

Here, the Court finds the second prong of the above standard–whether Debtors took "quick action" to correct the default–to be determinative. A motion filed pursuant to Rule 60(b)(1) must be made within a "reasonable time" but not more than one year after the judgment was entered. The Seventh Circuit has held that Rule 60(b)'s "one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time,' even though the one-year period has not expired.'" *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2866 at 232); *see also Planet Corp. v. Sullivan,* 702 F.2d 123, 125-26 (7th Cir.1983). The determination of a "reasonable time" for purposes of Rule 60(b) "'depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Planet Corp.,* 702 F.2d at 126 (quoting *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981)). "'Although the fact that a motion was made barely within the one-year

time limit gives the court the *power* to entertain it, as the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable.'" *Id*. (quoting *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 656 (2d Cir.1979) (emphasis in original)).

Because Debtors filed the present motion shortly before the expiration of the one-year period, they carry a heavy burden in establishing that their delay was reasonable.  Debtors have not met that burden.  Counsel for Debtors, F. Anthony Paganelli, first appeared in the AP on September 15, 2004.  Yet, Mr. Paganelli did not move to set aside the Default until August 12, 2005, just 4 days prior to the expiration of Rule 60(b)'s one-year time limit.  The only explanation that Mr. Paganelli offered for the delay is that he had a number of other "fires" to put out regarding Debtors.  He did not specify, however, what these fires were.  In looking at the Court's own records, it appears that the only pleading filed by Mr. Paganelli in the underlying bankruptcy case was a motion to reopen the case.  He has also appeared on Debtors' behalf in another adversary proceeding, wherein he has filed only a handful of pleadings, including several motions to continue the trial.

While Debtors may be embroiled in other legal matters unrelated to their Chapter 7 case, there appear to have been few bankruptcy-related fires to extinguish.  In fact, in the Court's opinion, the biggest fire to put out *was* the Default.  Even assuming, however, that more significant issues required Mr. Paganelli's attention, the Motion for Relief hardly looks like it took much time to prepare.  At two paragraphs in length, it arguably could have been filed much sooner without any great effort, especially since the grounds for the Motion for Relief were or should have been readily apparent to both Debtors and Mr. Paganelli.

In support of their Motion for Relief, Debtors further contend the Plaintiffs were not

prejudiced by their delay in that they have not have not yet attempted to enforce the Judgment. The Court disagrees. In the absence of a compelling explanation, the Court will not reward Debtors' dilatory actions simply because the Plaintiffs have not commenced any collection activities.

For these reasons, the Court cannot conclude that Debtors took "quick action" to correct the default. They are, therefore, not entitled to relief under Rule 60(b)(1). The Motion for Relief is denied.

###

Distribution:

F. Anthony Paganelli
John R. Carr III
UST